**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CRYSTAL LAMAY o/b/o K.P.,

                  **Plaintiff,**

           **v.**

COMMISSIONER OF SOCIAL
SECURITY,

                  **Defendant.**

           **5:05-CV-0845**
           **(GLS/DEP)**

**APPEARANCES:**               **OF COUNSEL:**

**FOR THE PLAINTIFF:**

OLINSKY, SHURTLIFF LAW FIRM    JAYA SHURTLIFF, ESQ.
300 S. State Street
5th Floor
Syracuse, New York 13202

**FOR THE DEFENDANT:**

HON. GLEN T. SUDDABY         WILLIAM H. PEASE
United States Attorney           Assistant United States Attorney
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

**Gary L. Sharpe**
**U.S. District Judge**

**<u>MEMORANDUM-DECISION AND ORDER</u>**

## I.  Introduction

Pursuant to 42 U.S.C. § 405(g), Crystal Lamay, on behalf of her minor son, K.P., challenges the denial of disability benefits by the Commissioner of Social Security.  Pending are Lamay's objections to Magistrate Judge David E. Peebles' Report-Recommendation.  *See Dkt. Nos*. *15, 16; see also* 28 U.S.C. § 636(c); N.D.N.Y. R. 72.3(d)*.*  Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.[1]

## II.  Procedural History

Lamay filed for SSI disability benefits in January 2003, alleging disability on behalf of her minor son, K.P.  The application was denied, and a hearing was conducted by an Administrative Law Judge (ALJ).  During that hearing, at which plaintiff appeared *pro se*, both K.P. and Lamay testified.  On January 5, 2005, the ALJ issued a decision denying benefits, and that decision became the Commissioner's final determination.

Lamay subsequently filed a complaint in the Northern District of New

---

[1]The Clerk is directed to append Judge Peebles' Report-Recommendation to this decision, and familiarity is presumed.  *See Dkt. No. 15.*

York challenging the Commissioner's denial of benefits.  *See Dkt. No. 1.*

On July 31, 2007, Magistrate Judge Peebles issued a report

recommending that the Commissioner's decision be affirmed.  *See Dkt. No.*

*15.*  On August 14, Lamay filed objections.  *See Dkt. No. 16.*

### III.  Discussion[2]

After carefully considering Lamay's arguments, Judge Peebles

concluded the following: (1) that Lamay's waiver of her right to counsel was

knowing and voluntary; (2) that the ALJ fully developed the administrative

record and gave thorough consideration to all the evidence; and (3) that the

ALJ's credibility assessment contained adequate rationale.  *See Dkt. No.*

*15.*  Ultimately, Judge Peebles concluded that Lamay's arguments lacked

merit and recommended that her application be denied.  *See id.*

Lamay has now filed timely objections to Judge Peebles' report.  *See*

*Dkt. No. 16*.  Lamay's sole specific objections will be reviewed under a *de*

*novo* standard, while the remainder of her objections are unspecific and will

be reviewed under a clearly erroneous standard.  *See Almonte v. N.Y.*

*State Div. of Parole*, 9:04-CV-484, 2006 WL 149049 (N.D.N.Y. Jan. 18,

---

[2]The court adopts the factual summary in Judge Peebles' Report-Recommendation.  *See Dkt. No. 15*.

2006).  Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.

As an initial matter, Lamay objects to the legal standard Judge Peebles applied in determining that her waiver of counsel was knowing and voluntary.  Specifically, Lamay argues that Judge Peebles erroneously failed to employ the standard articulated by the Eastern District of New York in *Frank v. Chater*, 924 F. Supp. 416, 423-24 (E.D.N.Y. 1996).  However, as Judge Peebles noted, neither the Northern District of New York nor the Second Circuit has adopted the more exacting parameters outlined in *Frank*.  *See Frank*, 924 F. Supp. at 424.  Instead, binding Circuit law mandates that a claimant is entitled only to be made aware of her right to legal representation by the ALJ, *see Robinson v. Secr'y of Health and Human Services*, 733 F.2d 255, 257 (2d Cir. 1984), and nothing more.  Here, Judge Peebles found that the ALJ satisfied his obligation to notify Lamay of her right to representation, and this court agrees.  Lamay received at least three written notifications of her right to representation, *see* (Tr. 31, 33, 39), and the ALJ orally advised Lamay of her right to legal counsel twice.  *See* (Tr. 283-84).  Accordingly, after *de novo* review, the

4

court concurs with Judge Peebles' conclusion that Lamay's waiver of her right to counsel was knowing and voluntary.

In addition, Lamay objects to Judge Peebles' finding that she was not prejudiced by her lack of legal representation.  Because Lamay raised this argument before the Magistrate Judge but has failed to offer any new facts or analysis, she has procedurally defaulted, and the court has reviewed the report and recommendation for clear error.  *See Almonte*, 2006 WL 149049, at *6.  In finding that Lamay was not prejudiced, Judge Peebles concluded that the ALJ fully developed the record and gave thorough consideration to the evidence.  Having discerned none, the court adopts the report and recommendation in its entirety.

The remainder of Lamay's objections also repeat the facts and arguments contained in her original brief.  They contain no new analysis or arguments, nor do they cite authority in support of what are otherwise mere conclusory claims.  Given the inadequacy of these objections, she has procedurally defaulted, and the court has reviewed the report and recommendation for clear error.  *See id*.  Having discerned none, the court adopts the report and recommendation in its entirety.

## IV.  Conclusion

5

For the reasons stated above, this court accepts and adopts the recommendation of Magistrate Judge Peebles for the reasons stated in the July 31, 2007 Report-Recommendation.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and the complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk provide a copy of this Decision and Order to the parties.

**IT IS SO ORDERED.**

August 22, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge